PERRY M. GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff
RIGHT ANGLE VENTURES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RIGHT ANGLE VENTURES LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA ex rel. CALIFORNIA DEPARTMENT OF TRANSPORTATION, and DOES 1-10,<br><br>Defendants. | **CASE NO. 2:24-cv-02785**<br><br>**COMPLAINT FOR INVERSE CONDEMNATION AND TRESPASS**<br><br>**JURY TRIAL DEMANDED** |

This is an action for inverse condemnation in which Plaintiff Right Angle Ventures LLC ("Right Angle") makes the following allegations against The People of the State of California ex rel. California Department of Transportation ("CalTrans") and DOES 1-10 (the "DOE Defendants"). Collectively, CalTrans and the DOE Defendants are referred to herein as "Defendants."

## THE PARTIES

1. Right Angle is a Delaware limited liability company registered to do business in California. Right Angle's principal place of business is 15760 Ventura Blvd., Suite 700, Encino, CA 91436.

2. CalTrans is a department of the State of California. CalTrans is headquartered in Sacramento and maintains a district office if Los Angeles County at 100 South Main Street, Los Angeles, CA 90012.

3. The DOE Defendants are the individuals and entities who planned and/or participated in the activities giving rise to the causes of action set forth below.

## JURISDICTION AND VENUE

4. This is an action for inverse condemnation and trespass involving real property located in Malibu, California.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

6. This Court has personal jurisdiction over CalTrans because CalTrans has a local office in this district and because the actions giving rise to this lawsuit were performed by CalTrans in this district. On information and belief, this Court has personal jurisdiction over the DOE Defendants because they reside in Los Angeles and/or because they conducted the tortious actions described below in Los Angeles.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## THE PROPERTY

8. Right Angle owns real property located on Mulholland Highway in the unincorporated area of Malibu ("the Malibu Property"). The Assessor's Parcel Number

("APN") for the Malibu Property is 4471-001-025.

## BACKGROUND

9.  At some point after the 2018 Woolsey Fire, CalTrans installed an apparatus for stormwater drainage on the Malibu Property (the "Installation"). The Installation is a significant interference with Right Angle's ability to access, use, and develop the Malibu Property because the Installation is on the only portion of the Malibu property that is at street level.

10. For a lengthy period after the Woolsey Fire the area where the Malibu Property is located was closed to through traffic. Despite its best efforts, Right Angle did not learn of the Installation until April 23, 2019.

11. Right Angle did not give CalTrans permission to do the Installation.

12. On information and belief, CalTrans did not have permission from anyone else to do the Installation.

13. Over the past few months Right Angle has made numerous attempts to resolve this matter with CalTrans to try to avoid the necessity of filing this lawsuit. For example, Right Angle contacted CalTrans' Claims Department and was instructed to contact CalTrans' Public Affairs Department. Right Angle contacted and left detailed voicemails for CalTran's Public Affairs Department on January 3, January 19 and January 26, 2024 before finally being told that Right Angle could email CalTrans about the issue, which Right Angle promptly did. At all times Right Angle made clear that it was seeking any information in CalTrans' possession that would show that CalTrans had permission to do the Installation. At no time has CalTrans provided any such information to Right Angle.

14. Right Angle also sought the assistance of the California Assemblymember (Jacqui Irwin) who represents the area where the Malibu Property is located. Assemblymember Irwin's office attempted to obtain this information from CalTrans as well but CalTrans did not provide it. Instead, CalTrans stated that they believed the Installation was not done on the Malibu Property and asked Right Angle to provide the

basis for Right Angle's belief that the Installation in fact was done on the Malibu Property. Right Angle promptly provided evidence to show that the Installation was done on the Malibu Property, including the following image from Los Angeles County's official GIS system, and reiterated its request for the basis for CalTrans' position.



In the above image, the blue lines show the borders of the Malibu Property. The concrete walls of the Installation can be seen to be nearly entirely within those blue lines. The

COMPLAINT FOR INVERSE CONDEMNATION AND TRESPASS

green lines in the above image show the scope of CalTrans' "Right of Way," and the Installation can be seen to be entirely outside of that "Right of Way."

15. On information and belief, CalTrans still has not provided any evidence to Assemblymember Irwin's office or anyone else to support CalTrans' position.

## COUNT I (ALL DEFENDANTS)
## INVERSE CONDEMNATION UNDER FEDERAL LAW
## (U.S. CONSTITUTION, FIFTH AMENDMENT)

16. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-15.

17. The Fifth Amendment of the United States Constitution provides, in pertinent part: "nor shall private property be taken for public use without just compensation." This is known as the Takings Clause.

18. The Takings Clause is applicable to the states through the Fourteenth Amendment. *Dolan v. City of Tigard*, 512 U.S. 374, 383 (1994).

19. Right Angle owns the Malibu Property.

20. CalTrans and the DOE Defendants conducted the Installation on the Malibu Property without permission to do so.

21. Right Angle has been damaged by the Installation in an amount believed to be in excess of $100,000.

## COUNT II (ALL DEFENDANTS)
## INVERSE CONDEMNATION UNDER STATE LAW
## (CALIFORNIA CONSTITUTION, ARTICLE I, SECTION 19)

22. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-15.

23. Article 1 section 19 of the California Constitution provides: "Private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner." Inverse condemnation is a constitutional remedy permitting recovery of consequential

damages arising from public projects. Foreseeability is not required, and tort concepts like fault or negligence are not applicable. Instead, the government is strictly liable for any physical injury to property substantially caused by a public improvement as deliberately designed and constructed.

24. Right Angle owns the Malibu Property.

25. CalTrans and the DOE Defendants conducted the Installation on the Malibu Property without permission to do so.

26. Right Angle has been damaged by the Installation in an amount believed to be in excess of $100,000.

## COUNT III (ALL DEFENDANTS)
## TRESPASS UNDER STATE LAW

27. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-15.

28. To perform the Installation, CalTrans and the DOE Defendants entered onto the Malibu Property without permission.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. That CalTrans and the DOE Defendants compensate Right Angle for the taking of Right Angle's property;

b. That CalTrans and the DOE Defendants restore the Malibu Property to the condition it was in prior to the Installation;

c. That CalTrans and the DOE Defendants be ordered to pay all of Right Angle's attorneys' fees and costs associated with this action; and

d. Any other remedy to which Right Angle may be entitled.

DATED: April 5, 2024   By:   /s/ Perry Goldberg
                              PERRY GOLDBERG (CA Bar No. 168,976)
                              PROGRESS LLP
                              12121 Wilshire Blvd., Suite 810
                              Los Angeles, California 90025
                              Telephone: (310) 697-7200
                              goldberg@progressllp.com

                              Attorneys for Plaintiff
                              Right Angle Ventures LLC

COMPLAINT FOR INVERSE CONDEMNATION AND TRESPASS

**JURY DEMAND**

Right Angle hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 5, 2024        By:    /s/ Perry Goldberg
                                   PERRY GOLDBERG (CA Bar No. 168,976)
                                   PROGRESS LLP
                                   12121 Wilshire Blvd., Suite 810
                                   Los Angeles, California 90025
                                   Telephone: (310) 697-7200
                                   goldberg@progressllp.com

                                   Attorneys for Plaintiff
                                   Right Angle Ventures LLC